UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA

                       v.

ROBERT M. SIMELS

-------------------------------------------------------X

08-CR-640(S-3)-01
MOTION PURSUANT TO
18 U.S.C. §3582(c)(2) and
USSG AMENDMENT 782

       Pro Se Defendant, Robert M. Simels (Simels) moves this Court to reduce his sentence, imposed December 4, 2009, to the low end of the applicable Guideline Range, pursuant to 18 U.S.C. §3582(c)(2) and USSG Amendment 782.  Simels' sentence was based on the 2009 Drug Quantity Table as to Counts One to Nine, a Conspiracy to Obstruct Justice, and Attempted Tampering with a Witness.    Since the sentence Simels received was **based on** a drug quantity for which the Guideline range has been "subsequently lowered as a result of an amendment to the Guidelines Manual", he is "eligible" for a sentence reduction.  See §1B1.10(a)(1).

       Simels' sentencing range was determined by the Probation Department, and the trial court, to be predicated on a drug quantity of 150 kilograms or more of cocaine--Level 38.  Ordinarily Level 38 might be the starting point for analysis of "eligibility" for the two-level reduction.  However, because the calculation of Simels' original sentence was based upon an incorrect, higher Guidelines Level, it

is necessary for the court to determine at a hearing what sentencing range should be considered as the starting point for the two level reduction.

Simels' indictment and superseding indictments all contained the identical language to describe the obstruction charges. It referred to a drug quantity obliquely, by referencing a then-ongoing criminal case. It accused Simels of acting:

> ...with intent to (a) influence and prevent the testimony of persons in an official proceeding, to wit: *United States v. Shaheed Khan*, 06-cr-255 (DLI), a federal criminal trial of the defendant, SHAHEED KHAN, in the United States District Court for the Eastern District of New York, and (b) cause and induce persons to withhold testimony from an official proceeding, to wit: *United States v. Shaheed Khan*, 06-cr-255 (DLI)...

The reference to *United States v. Shaheed Khan*, 06-cr-255 (DLI) (hereinafter "06-cr-255") did not identify the criminal offense involved in the Khan criminal trial, nor alleged any drug quantity. And, no evidence was presented at Simels' trial as to the charges alleged in that official proceeding in *06-cr-255* or to drug quantity. The jury's guilty verdict was devoid of any basis for the trial court to conclude that the "Underlying Offense" involved drug trafficking of more than 150 kilograms of cocaine.

Despite the lack of allegation or proof of the "Underlying Offense" and drug quantity, the Probation Department "found" that the Base Offense Level for

Counts One to Nine "involved" 150 kilograms or more of cocaine.  The PSR

expressly referred to the:

> ...underlying offense, 'Conspiracy to import 150
> kilograms or More of Cocaine', which had a based
> offense level of 38." (Ex. 1 PSR, Para 42, 49, 56, 63, 70,
> 77, 84, 91, 98)[emphasis added][

To calculate the adjusted Base Offense Level, the Probation Department

recommended using USSG §2X3.1(a)(1), which capped the Base Offense Level at

30 ("6 levels lower than the offense level for the underlying offense."), and

§2X3.1(a)(3)(A) (the "base offense level shall not be more than level 30...")

These calculations were not challenged by the parties[1] and were adopted by

the trial court.  At sentencing, after inquiring if Simels and his attorney had read

and discussed the Presentence Report (PSR), the court's reference to the Base

Offense Level was limited to noting that there was a cross-reference:

> "THE COURT:  Because this was an obstruction
> of the Khan trial, there is a cross-reference that produces

---

[1] *06-cr-255* charged a conspiracy to import 5 kilograms or more, and Khan pled
guilty to a conspiracy to import 5 kilograms or more, Count Two, of his
superseding indictment, 06-cr-255(S-1). Khan was never charged with a
conspiracy to import 150 kilograms of cocaine (Ex. 2 at 11-12).   Unfortunately
counsel for petitioner failed to challenge the quantity used by the Probation
Department because it had no factual or legal basis.

a base offense level of 30, right?" The government's attorney responded affirmatively (Ex. 3 at 3-4) .[2]

In alluding to a "cross reference" and to "level of 30" the trial court appeared to acknowledge the Probation Department's offense level, 38, and that the sentence was subject to the dictates of USSG §2X3.1 [3] The trial court then concluded that the Adjusted Offense Level was 35, with a Sentencing Range of 168 to 210 months, and imposed a Guidelines sentence of 168 months--the low end of the sentencing range. [4]

Simels' contention is that the quantity was set (erroneously, but surely) on the basis of a quantity that was not pleaded nor proven. The failure to plead drug quantity in an indictment alleging drug trafficking creates a sentencing ceiling. *United States v. Gonzalez*, 686 F. 3d 122 (2d Cir. 2012)("The simple reference to a drug-quantity-based penalty provision.without any language alleging the factual predicate for application of that penalty... is not a sufficient allegation of drug quantity...He

---

[2] §2X3.1 directs that it is to be applied with respect to the Underlying Offense that was being obstructed. Underlying Offense is defined in Application Note 1 to §2X3.1 as "*the offense as to which the defendant 'is convicted' of being an accessory.*" [emphasis added]

[3] The trial court did not expressly "adopt" the PSR.

[4] The Adjusted Offense Level incorporated Adjustments for Role in the Offense and Obstruction of  Justice (5 levels).

[Gonzalez] should have been sentenced under 841(b)(1)(C), which deals with indeterminate quantities of narcotics...*Gonzalez*, 686 F. 3d at 132-133).[5]

Significantly, the trial court failed to make the required preponderance of evidence findings as to drug quantity to justify a Sentencing Range based on 150 kilograms of cocaine.

However, it is clear that the court sentenced Simels on the basis of a drug quantity, and that drug quantity sentences were lowered by Amendment 782. What a new sentence should be, however, is complicated by the fact that there was no accurate quantity "found" to drive the sentence. There is thus no accurate way to determine the level applicable to this section 3582(c)(2) motion.

### A Hearing is Required to Determine the Base Offense Level

When an application is submitted pursuant to §3582(c)(2), a district court "...must determine the drug quantity attributable to the defendant. If the original sentencing court failed to make a specific drug-quantity calculation the resentencing court may have to make its own quantity finding in order to determine the defendant's guideline range." *United States v. Wyche*, 741 F. 3d 1284, 1293 (D. C. Cir. 2014); *United States v. Hall*, 600 F. 3d 872, 876 (7th Cir. 2010).

---

[5] Simels' indictment contained no statutory citation to drug trafficking, and did not allege drug quantity.

The necessity to conduct a hearing when a district court fails to make a

specific finding on the issue of drug quantity was recently addressed by the Second

Circuit. *United States v. Melendez*, 679 Fed Appx. 68 (2d Cir. 2017).

> "We begin with the framework for making supplemental
> findings of drug quantity in §3582(c)(2) proceedings. Under
> the first step of the Dillon analysis, a district court must
> determine a defendant's eligibility for a sentence reduction by
> evaluating whether the defendant's applicable guideline range
> would have been lower if the relevant Guidelines amendment
> were in effect at the time he was sentenced. See, Dillon, 560
> U.S. at 827; USSG 1B1.10(a)(2)(B), (b) 2014.
> * * *
> ...if the sentencing court's quantity finding was ambiguous or
> incomplete, the district court may need to make additional
> findings of drug quantity to determine the defendant's eligibility
> for a sentence reduction...
> * * *
> The district court may consider, for example, 'the trial
> transcript, the sentencing transcript, and the portions of the
> presentence report that the defendant admitted to or the
> sentencing court adopted.' Valentine, 694 F., 3d at 670...
> * * *
> Neither at the sentencing hearing in 1991, nor in any other
> format, did Judge Platt explicitly adopt the PSR's findings of
> 44.8 kilograms or otherwise refer to drug quantity. As noted,
> he stated only that the PSR's Guidelines range was 'accurately
> computed.' We therefore vacate...and remand the case for
> further proceedings. *Melendez*, 679 Fed Appx at 69, 71. [6]

Certainly, USSG Amendment 782, the so-called "Drugs Minus Two"

amendment was promulgated with the intent to grant sentence relief to those who

---

[6] At Simels' sentencing the trial court made no reference to drug quantity.

had been effected by a higher Drug Quantity Table.  Amendment 782 affects not

only defendants sentenced under USSG §2D1.1, but any defendant sentenced

under a guideline that used the Drug Quantity Table in a cross reference, e.g.,

USSG  §2D1.5.. culpability under USSG §2X3.1. *United States v. Salinas*, 2017

U.S. App. LEXIS 16882 (5th Cir. 2017)(Salinas was sentenced pursuant to §2S1.1,

and his sentencing range determined by the Drug Quantity Table. "Thus, 'the

guideline range applicable to' Salinas was 'subsequently lowered as a result of an

amendment to the Guidelines Manual."; *United States v. Olvera*, 2017 U.S. App.

LEXIS 12256 (5th Cir. 2017); *United States v. Cross*, 371 F. 3d 176, 182 (4th Cir.

2004)("Drug quantity is a factor that obviously bears upon the underlying offense

itself...the inclusion of drug quantity as a factor in the determination of the

underlying offense level is consistent with the policy behind section §2X3.1...");

*United States v. McClean*, 287 F. 3d 127, 133 (2d Cir. 2002); *United States v.*

*Kimbrough*, 536 F. 3d 463, 466 (5th Cir.), cert. denied, *Kimbrough v. United*

*States*, 2009 U.S. LEXIS 491 (2009)("Kimbrough's offense level under §2X3.1

depends on the drug quantity involved in the underlying offense.") USSG §1B1.3

cmt. n. 2(ii). [7]

---

[7] "...'where drug quantity is not found by a jury beyond a reasonable doubt, but
rather is determined by the district court at sentencing under a preponderance
standard, the defendant must be sentenced under 21 U.S.C. 841 (b)(1)(C), the
subsection applicable to narcotic offenses without regard to quantity.' " *United*

At a §3582(c)(2) hearing the court may make new findings as long as they are supported by the record, but are not inconsistent with the original sentencing court. *United States v. Douchette*, 2017 U.S. App. LEXIS 1572 (2d Cir. 2017); *United States v. Mercado-Moreno*, 2017 U.S. App LEXIS 16402 (9th Cir. 2017); *United States v. Peters*, 843 F. 3d 572, 577 (4th Cir.), cert. denied, 137 S. Ct. 2267 (US LEXIS 2017)("Such findings must be supported by the record and consistent with earlier findings."); *United States v. Rios*, 765 F. 3d 133, 138 (2d Cir. 2014)(observing that district courts may make "new findings of fact when ruling on a §3582(c)(2) motion" because "new findings are often necessary where retroactive amendments have altered the relevant drug-quantity thresholds for determining a defendant's base offense level.")

### *Molina-Martinez* Applies to §3582(c)(2)

The holding in *Molina-Martinez v. United States*, 578 U.S. __, 136 S. Ct. 1338 (2016), has application to §3582(c)(2) motions. *United States v. Scott*, 681 Fed Appx. 89, 97 (2d Cir. 2017); *United States v. Rivera,* 676 Fed. Appx 2 (2d Cir. 2017); *United States v. Jackson*, 669 Fed Appx. 544 (11th Cir. 2016).

---

*States v. Holley*, 638 Fed Appx. 93, 100 (2d Cir. 2016)(citing *United States v. Vaughn*, 430 F. 3d 518, 527 (2d Cir. 2005).

The failure to detect, and correct, the Guidelines error at Simels' sentencing

was a collective one. *United States v. Mangone*, 652 Fed. Appx. 15, 16 (2d Cir.

2016)(remanded for resentencing)

> ...the district court was incorrect when it stated the applicable
> Guideline range...apparently relying on a mistake in the
> presentence report that was 'also missed by both the
> Government and defense counsel...' an incorrect calculation of
> the applicable Guidelines range will taint not only a Guidelines
> sentence, if one is imposed [as was the circumstance in
> Simels]... and that the court's miscalculation of the Guidelines
> sentencing range carried serious consequences for the
> defendant.') Miscalculation of the Guidelines range therefore
> constituted procedural error, which was plain. " See *Molina-
> Martinez v. United States*, 136 S. Ct. 1338, 1349.

*United States v. Wernick*, 691 F. 3d 108, 118 (2d Cir. 2012) offers additional

guidance:

> Even under the now-advisory Sentencing Guidelines regime,
> an unobjected to miscalculation of a defendant's Guidelines
> range constitutes procedural error under '*Cavera*'... and when a
> sentencing court miscalculates the Guidelines we 'cannot be
> sure that the court has adequately considered the 3553(a)
> factors, its ultimate duty at sentencing.
>
> *            *            *
>
> ...the resulting possibility that the error, resulted in the
> defendant's being imprisoned for a longer time and the
> relatively low cost of correcting the miscalculation convince us
> "that failure to notice the error would adversely affect the
> public perception of the fairness of judicial proceedings.

*Molina-Martinez*, and its progeny, make plain that the Guidelines error in Simels' sentence affected his substantial rights and the fairness of the judicial proceeding.

Amendment 782 Eligibility

Simels qualifies on both prongs of Amendment 782. First, Simels is eligible because the Guideline Range for cocaine has been lowered by Amendment 782. Secondly, the applicable §3553(a) factors weigh heavily in granting the reduction. Simels' incarceration record is stellar--he has had no infractions, has extensively programmed (Ex. 4 Progress Report)); served as a "Mentor" in the "Skills Program" providing guidance to individuals with significant cognitive, emotional and social issues, and has otherwise been a constructive force in the Education Department.

Simels' age and health are also positive factors with respect to §3553(a). Simels, now 70 years old, is one of the aging individuals whose care by the BOP suggests that he should be released as soon as practicable. A 2015 report by the Department of Justice Inspector General's Office, "The Impact of an Aging Population on the Federal Bureau of Prisons." (Inspector General, Department of Justice, May 2015) noted:

> We concluded that a growing aging inmate population has an adverse impact on the BOP's ability to provide a safer, humane, cost-efficient, and appropriately secure environment for aging inmates...aging inmates are more costly to incarcerate...BOP institutions lack appropriate staffing levels.. to address the needs of an aging inmate population...(The Impact of an Aging Population pp 51-52)

As former Judge John Gleeson so elegantly observed in *United States v. Rivera*, 662 F. 3d 166, 176 (2d Cir. 2011)(sitting by designation), a case involving a §3582(c)(2) appeal: "Though our task is limited to construing the relevant statutory and Guidelines provisions, we are not required to perform it wearing blinders. Retroactive amendments exist to allow inequalities to be fixed.."

Simels" sentence was fashioned using §2D1.1-the Drug Quantity Table--150 kilograms of cocaine, yielding Guideline Offense Level 38.  Simels is therefore eligible under Amendment 782 for a two level reduction from the new Guideline Level.

Since, however, the quantity for which Simels might be held responsible is unclear – it was not charged or litigated – he is entitled to a hearing to determine that quantity and then, to a reduction in sentence if this Court agrees that sentencing principles favor it.

It is therefore respectfully requested that Simels' sentence be lowered and that first, there be a hearing to determine the quantity on which he should be sentenced.

Robert M. Simels, Pro Se
Reg. No 76780-053
FCI Danbury
Pembroke Station
Danbury, CT 06811

## CERTIFICATE OF SERVICE

I,      Robert M. Simels                     , certify    under    the
penalties of perjury, pursuant to 28 U.S.C. Section 1746, that a true
and correct copy of:

MOTION PURSUANT TO 18 U.S.C. SECTION 3582(c)(2)
& USSG AMENDMENT 782

has been placed in the mailbox at the Federal Correctional Institution,
Danbury, Connecticut, on this   8th    day of  December    2017,  in
accordance with the prison mailbox rule as set forth in Houston v.
Lack, 489 U.S. 266 (1988), and mailed to:

United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

Robert M. Simels
Reg. No. 76780-053
FCI Danbury
Pembroke Station
Danbury, CT 06811