UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

         -against-                   **MEMORANDUM & ORDER**
                                                         08-CR-640 (PKC)

ROBERT SIMELS, *et al.*,

         Defendants.
-----------------------------------------------------------X
PAMELA K. CHEN, United States District Judge:

Defendant Robert Simels, proceeding *pro se*, moves pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") to reduce his sentence. For the reasons stated herein, Defendant's motion for resentencing is denied.

## BACKGROUND

On July 10, 2009, Defendant was charged, by superseding indictment, with one count of conspiracy to obstruct justice, eight counts of attempted obstruction of justice, one count of bribery, one count of making false statements to the United States, one count of importation of eavesdropping equipment, and one count of possession of eavesdropping equipment. (Dkt. 129.)[1] Count One of the Superseding Indictment charged Defendant with conspiracy to obstruct justice, to wit, conspiring to "intimidate, threaten and corruptly persuade" witnesses from testifying at the federal criminal trial of Shaheed Khan in *United States v. Shaheed Khan*, 06-CR-255 (DLI). (*Id.* at 1-2.)

On February 23, 2007, Mr. Khan was charged, by superseding indictment, with one count of engaging in a continuing criminal enterprise ("CCE"), one count of conspiracy to import cocaine, one count of conspiracy to distribute and possess with intent to distribute cocaine, one

---

[1] The Court assumes the parties' familiarity with the facts in this case and thus recites them only to the extent relevant to the Court's analysis.

count of international distribution conspiracy, four counts of importation of cocaine, eight counts of possession with intent to distribute cocaine, and one count of distribution of and possession with intent to distribute cocaine. (*United States v. Khan*, 06-CR-255 (DLI), Dkt. 27, at 1-9.) As part of the CCE charge (Count One), Mr. Khan was accused of committing "a continuing series of violations . . . with five or more other persons", including, *inter alia*, conspiracy to import at least 150 kilograms of cocaine and conspiracy to distribute and possess with intent to distribute at least 150 kilograms of cocaine. (*Id.* at 1-3); *see also* 21 U.S.C. § 848(c). Simels was Khan's criminal defense attorney at the time of Simels's arrest.

At Simels's sentencing, the then-presiding judge, the Honorable John Gleeson, found that Simels's base offense level was 30, which was arrived at by starting with the base offense level of 38 under U.S.S.G. § 2D1.1 for Khan's underlying offense of conspiring to import 150 kilograms of cocaine and then subtracting six levels, as required by the obstruction Guideline, U.S.S.G. § 2X3.1(a)(1), which resulted in an offense level of 32. (Dkt. 240, at ECF[2] 24.) However, because the base offense level for obstruction of justice is capped at level 30 (U.S.S.G. § 2X3.1(a)(3)(A)), 30 became the base offense level to which was added a three-point enhancement for Simels's managerial role in the offense and a two-point enhancement for the obstruction of justice Simels committed by testifying falsely at trial. (Dkt. 240, at ECF 24-35.)[3] Therefore, Simels's adjusted offense level was 35, which, in Criminal History Category One, resulted in a Guidelines range of 168 to 210 months' imprisonment. (Sentencing Transcript, Dkt. 282-1, at 13:16-18.) On December 4, 2009, Judge Gleeson sentenced Simels to a term of 168 months. (*See generally id.*)

---

[2] "ECF" refers to the pagination generated by the court's CM/ECF docketing system and not the document's internal pagination.

[3] Judge Gleeson declined to give an additional two-point enhancement for abuse of a position of trust. (Sentencing Transcript, Dkt. 282-1, at 9:23-13:11.)

## LEGAL STANDARD

18 U.S.C. § 3282(c)(2) provides that a court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" The Supreme Court has set forth a "two-step inquiry" for resolving motions for a reduction in sentence pursuant to this provision. *United States v. Mock*, 612 F.3d 133, 136-37 (2d Cir. 2010) (citing *Dillon v. United States*, 560 U.S. 817, 828 (2010)). First, "the defendant in question must be eligible for a reduction in sentence. A defendant who was previously sentenced based on a now-amended Guideline with retroactive effect is only eligible for such relief if the reduction would be consistent with . . . [U.S.S.G.] § 1B1.10 . . . [which] lists the covered Guidelines amendments that may serve as the basis for a reduction in sentence[.]" *Id.* at 137 (citation, emphasis, and internal quotation marks omitted). "If, and only if, a defendant is eligible for a reduction in sentence under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, then the second step of the analytical framework set forth in *Dillon* requires the district court 'to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.'" *Id.* (quoting *Dillon*, 560 U.S. at 828).

## DISCUSSION

In his sentencing reduction motion, Simels argues that: (1) Judge Gleeson "failed to make the required preponderance of [the] evidence findings as to [the] drug quantity" charged in count one of Mr. Khan's indictment "to justify a Sentencing Range based on 150 kilograms of cocaine" or, in the alternative, (2) even if Judge Gleeson properly sentenced Simels based on 150 kilograms of cocaine, "that drug quantity sentence [was] lowered by Amendment 782", and he should be resentenced. (Dkt. 279, at 5.) The Court rejects both of these arguments.

With respect to Simels's first argument, the Court notes that Defendant cannot use a Section 3282(c)(2) motion as a backdoor attack on the underlying offense the sentencing court used to determine Simels's Guidelines range. Although Defendant frames his argument as relating to drug quantity, *i.e.*, that Judge Gleeson failed to make a necessary finding as to the quantity of drugs involved in the drug conspiracy that formed the basis of Simels's obstruction charge, Judge Gleeson was not required to do so in this case. *United States v. Arias*, 253 F.3d 453, 454-55, 459 (9th Cir. 2001) ("[T]he offense level for obstruction is driven by the offense level of the crime whose prosecution was obstructed. . . . [P]roof of the underlying offense is not material . . . [and] [n]o court of which we are aware would permit inquiry into the sufficiency of the evidence on the underlying offense whose prosecution was obstructed."); *United States v. McQueen,* 86 F.3d 180 (11th Cir. 1996). In this case, Simels did not object to the use of conspiracy to import 150 kilograms or more of cocaine as "the crime whose prosecution was obstructed," and he cannot now challenge that determination via a sentencing reduction motion.[4] "[Section] § 3582(c)(2) represents a congressional act of lenity intended to give prisoners the benefit of later enacted adjustments to the judgments reflected in the Guidelines" and the Court must "[t]ak[e] the original sentence as given." *Dillon*, 560 U.S. at 828. Section 3582(c)(2) authorizes "only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding," *id.*, and "neither the district court nor [the Second Circuit] is free to address, in a proceeding pursuant to 18 U.S.C. § 3582(c)(2), defendant's arguments regarding procedural errors at his original, now-

---

[4] Simels's PSR stated, *inter alia*, that "[a]s the instant offense involved the obstruction of justice in relation to Shaheed Khan's criminal trial, per Guideline 2X3.1(a)(1), the offense level shall be 6 levels lower than the offense level for Khan's underlying offense, Conspiracy to Import 150 Kilograms or More of Cocaine, which had a base offense level of 38." (Dkt. 240, at ECF 24.) At this juncture, Simels may only challenge the PSR's or Judge Gleeson's underlying offense finding via a successive *habeas* petition pursuant to 18 U.S.C. § 2255, if permitted by the Second Circuit.

final sentencing[,]" *United States v. Mock*, 612 F.3d 133, 135 (2d Cir. 2010); *see also United States v. Faison*, No. 07-CR-700 (SJF), 2015 WL 6143669, at *2 (E.D.N.Y. Oct. 19, 2015), *aff'd*, 670 F. App'x 721 (2d Cir. 2016). Therefore, the Court must accept Judge Gleeson's use of conspiracy to import 150 kilograms or more of cocaine as Khan's underlying offense and, therefore, a drug quantity of 150 kilograms of cocaine, to calculate Defendant's base offense level.

Therefore, the Court turns to the question of whether Defendant is eligible for a sentence reduction "because the Guideline Range for cocaine has been lowered by Amendment 782." (Dkt. 279, at 10.) While Defendant is correct that the base offense level for cocaine was lowered by Amendment 782, such that a drug quantity between 150 kilograms and 450 kilograms of cocaine now carries a base offense level of 36, instead of 38, U.S.S.G. § 2D1.1, this two-level reduction does not alter Simels's total offense level. That is because starting at level 36 under U.S.S.G. § 2D1.1 for 150 kilograms of cocaine and then subtracting six levels, as required by U.S.S.G. § 2X3.1(a)(1), results in a base offense level of 30, which is the same as Simels's original Guidelines calculation. Adding in the three-point enhancement for Simels's role in the offense and the two-point enhancement for obstruction of justice, Simels's total offense level remains 35. Therefore, Defendant is not eligible for a sentence reduction. *United States v. Johnson*, 633 F.3d 116, 117 (2d Cir. 2011) ("[A] defendant is eligible to have his sentence modified only if the amended Guidelines provide for a lower sentencing range than did the former Guidelines.").

## CONCLUSION

For the reasons stated above, Defendant's motion is denied in its entirety.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: July 12, 2018
Brooklyn, New York